RESOLUCIÓN
Atendida la Petición de certiorari presentada por la parte peticionaria en el caso de epígrafe, se expide el auto solicitado. Para atender con prontitud el recurso de epí-grafe, se acortan los términos y se concede a las partes un término improrrogable y simultáneo de catorce días, con-tados a partir de la notificación de esta Resolución, para presentar sus alegatos.
Expida la Secretaria un Mandamiento de Certiorari dirigido a la Secretaria del Tribunal de Apelaciones, Región Judicial de San Juan, para que a la mayor brevedad posi-ble remita a la Secretaría de este Tribunal los autos originales o una copia certificada de éstos en el caso Núm. KL-RA2008-00010, San Gerónimo Caribe Project, Inc. v. Administración de Reglamentos y Permisos, al que se refiere la petición presentada en este caso, para revisar los procedimientos habidos en dicho tribunal y acordar lo que sea arreglado a derecho.
Con relación a la solicitud de la peticionaria para dejar sin efecto la orden emitida por la Administración de Reglamentos y Permisos (ARPe) el 25 de febrero de 2008, que extendió por un término adicional de sesenta días cierta orden de paralización de las obras de construcción que se efectúan en el proyecto conocido como Paseo Caribe, es necesario precisar algunos aspectos del tracto procesal de este caso y de la orden que ARPe emitió. En particular, debemos examinar cómo este caso y dicha orden interrelacionan con la demanda presentada por la aquí peticionaria contra ARPe y otras entidades ante el Tribunal de Primera Instancia, para dilucidar la titularidad de los terrenos *243 donde ubica el proyecto que se construye. A esos efectos, tomamos conocimiento judicial de San Gerónimo Caribe Project, Inc., First Bank of Puerto Rico Inc. v. Estado Libre Asociado, et al., Civil Núm. K2AC2007-2577.
El 27 de diciembre de 2007, ARPe emitió una Resolución y Orden que suspendió los efectos de unos permisos de construcción previamente otorgados a la peticionaria y or-denó la paralización de las obras de construcción que se estuvieran efectuando en el proyecto. Conforme se deduce de la sentencia emitida por el Tribunal de Apelaciones en este caso, el proceso ante la agencia administrativa co-menzó luego de que el Secretario de Justicia emitiera una opinión sobre la titularidad de los terrenos donde ubica el proyecto y concluyera que alguna parte de éstos eran de dominio público. En su opinión, según indica el foro apela-tivo, el Secretario urgió de las agencias administrativas que otorgan permisos que iniciaran los procedimientos ne-cesarios para revocar los permisos concedidos para implan-tar así "la nueva interpretación estatutaria que le llevó a esa conclusión”.
La parte peticionaria de epígrafe acudió en revisión del proceso iniciado por ARPe y de la determinación tomada que paralizó la construcción del proyecto y suspendió los permisos otorgados. El Tribunal de Apelaciones, el 6 de febrero de 2008, emitió una sentencia en la cual concluyó que el proceso seguido por ARPe violó el debido proceso de ley de la peticionaria, por lo que devolvió el caso al foro administrativo para que se llevara a cabo una vista admi-nistrativa donde se le garantizara el debido proceso de ley. El foro apelativo dejó vigente la orden de paralización emi-tida por ARPe. De esa determinación se acudió ante noso-tros y hoy expedimos el auto solicitado.
Por otro lado, tomamos conocimiento judicial de que el Tribunal de Primera Instancia emitió una sentencia el 8 de febrero de 2008 en San Gerónimo Caribe Project, Inc., First Bank of Puerto Rico Inc. v. Estado Libre Asociado, et al., *244 Civil Núm. K2AC2007-2577, que había presentado la aquí peticionaria contra varias entidades gubernamentales, in-cluido ARPe. En su sentencia, el tribunal de instancia re-solvió que los terrenos en los que la peticionaria construye no son de dominio público, negando así validez a la opinión del Secretario de Justicia que concluyó lo contrario, y que, como dijimos, fue la base para que ARPe iniciara su pro-ceso de revisión dé permisos y emitiera su orden de paralización. Tomamos conocimiento judicial, además, de que el Estado no ha apelado, al día de hoy, la sentencia dictada por el foro primario en San Gerónimo Caribe Project, Inc., First Bank of Puerto Rico Inc. v. Estado Libre Asociado, et al., supra.
Estando pendiente ante nuestra consideración la solici-tud de certiorari presentada por la peticionaria, en la cual se impugna el procedimiento administrativo que culminó en la expedición de la orden de paralización en controver-sia, y vigente la sentencia del Tribunal de Primera Instan-cia —en un pleito en el que ARPe es parte— dicha agencia extendió la paralización de las obras de construcción por un término adicional de sesenta días al considerar que no existe una determinación final y firme sobre si los terrenos en controversia son de dominio público. Toda vez que la orden dictada por ARPe el 25 de febrero de 2008 contra-viene el estado de derecho vigente, según se dispuso en la sentencia que emitió el Tribunal de Primera Instancia, y, además, la misma no ha sido apelada, dejamos sin efecto la orden de paralización dictada por ARPe el 25 de febrero de 2008.

Notifíquese vía facsímile y por teléfono.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Todos los Jueces intervienen por Regla de Necesidad. El Juez Asociado Señor Rebollo López emitió una opinión disidente. La Jueza Asociada Señora Fiol Ma-tta paralizaría la construcción en auxilio de nuestra juris- *245 dicción hasta que este Tribunal resuelva el caso expedido.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo